IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GILBERT GOODSON,**

                        **Plaintiff,**

        v.                                      **CASE NO. 06-3059-SAC**

**OFFICER CORTNEY, et al.,**

                        **Defendants.**

**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. The sole defendant named in the complaint is EDCF Officer Cortney. Plaintiff claims he was assaulted by Cortney and subjected to the use of excessive force

Plaintiff states he is refiling a claim against a defendant named in an earlier filed action that was dismissed without prejudice in <u>Goodson v. Cortney</u>, Case No. 05-3153-JTM based upon plaintiff's failure to exhaust administrative remedies.[1] *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

---

[1] Although the judgment entered in plaintiff's earlier action does not expressly state the action was dismissed without prejudice, it is recognized that dismissal of a prisoner's complaint pursuant to 42 U.S.C. §1997e(a) for non-exhaustion of administrative remedies is a dismissal without prejudice to the prisoner refiling his action in compliance with § 1997e(a). *See* <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1212 (10th Cir. 2003)(§ 1997e(a) dismissal for lack of exhaustion should ordinarily be without prejudice), *cert. denied* 543 U.S. 925 (2004).

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

In that earlier case, the court granted plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915 after plaintiff paid the $3.00 initial partial filing fee assessed by the court. 28 U.S.C. § 1915(b)(1). Pursuant to 28 U.S.C. § 1915(b)(1) and (2), plaintiff is obligated to pay the remainder of the $250.00 district court filing fee in that civil action.

When plaintiff initiated the instant action, he did not pay the $250.00 district court filing fee or submit a motion for leave to proceed in this matter in forma pauperis under 28 U.S.C. § 1915. Instead, plaintiff submitted a $3.00 payment as he did in his earlier case, and essentially contends in correspondence to the court that his refiling of his complaint subjects him to only one district court filing fee because his earlier action was dismissed without prejudice.

The statutory language in 42 U.S.C. § 1997e(a) expressly directs that "[n]o action shall be brought" until the prisoner has fully exhausted available administrative remedies. Accordingly, when this court dismisses a prisoner's complaint pursuant to § 1997e(a) without prejudice, it typically results in the prisoner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 being denied or dismissed as moot with no fee obligation resulting. That did not occur in this instance, because the court's determination of plaintiff's noncompliance with the exhaustion requirement in 42 U.S.C. § 1997e(a) was not made until after plaintiff was granted leave to proceed in forma pauperis and was

2

obligated to pay the remainder of the $250.00 district court filing fee in that case. Courts have recognized that a filing fee obligation should not ordinarily arise when the prisoner re-files a complaint to comply with 42 U.S.C. § 1997e(a). *See e.g.* Owens v. Keeling, 461 F.3d 763, 773 (6th Cir. 2006)("when a prisoner 'refiles' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under [42 U.S.C. § 1997e(a)], the prisoner need not pay an additional filing fee"). This approach recognizes that "[a] prisoner who '"refile[s]' a complaint alleging the same claims regarding prison conditions after it was initially dismissed without prejudice for failure to exhaust is not 'instituting' a suit, but is merely following the particular procedure chosen by this court for curing the initial complaint's deficiency." Id.

Under the circumstances presented by plaintiff's refiling of the instant complaint to cure his noncompliance with 42 U.S.C. § 1997e(a), the court finds the $250.00 filing fee obligation plaintiff incurred in 05-3031-JTM remains in place, and finds plaintiff's two partial payments of $3.00 were properly credited against this outstanding fee obligation. Plaintiff remains obligated to pay the remainder of that district court filing fee through automatic payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

As for plaintiff's present complaint, however, plaintiff must still seek and obtain leave to proceed in forma pauperis under 28 U.S.C. § 1915. If plaintiff files an executed form motion for leave to proceed under 28 U.S.C. § 1915 and the motion is granted, no

second fee obligation will be incurred.[2]

Also before the court is plaintiff's motion for default judgment, based upon defendant Cortney's failure to file an answer to the complaint. The court has not yet ordered the issuance and service of summons or waiver of summons forms to this defendant. Plaintiff's motion for default judgment is denied.

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to file an executed form motion for seeking leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (Doc. 3) is denied.

The clerk's office is directed to provide plaintiff with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED: This 24th day of October 2006 at Topeka, Kansas.

   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]The court notes that plaintiff filed the present complaint prior to April 8, 2006, when the district court filing fee increased from $250.00 to $350.00.

4