### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GILBERT GOODSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) No. 06-3059-CM |
| | ) |
| **(fnu) COURTNEY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### **MEMORANDUM AND ORDER**

Plaintiff Gilbert Goodson brings this *pro se* action against defendant Courtney. On May 30, 2008, Magistrate Judge Sebelius entered an Order to Show Cause (Doc. 30), directing defendant to show cause in writing to this court by June 13, 2008 why a default judgment should not be entered against him as a disobedient party. Defendant Courtney has not filed any response. On June 6, 2008, plaintiff filed a document requesting leave to amend his complaint and requesting this court enter default judgment against defendant (Doc. 32).

The May 30, 2008 Show Cause Order (Doc. 30) states, in relevant part:

> On February 17, 2006, plaintiff filed the instant action, Case No. 06-3059-CM, solely against defendant Courtney. On February 14, 2007 Trevin E. Wray, Assistant Attorney General, entered his appearance on behalf of defendant Courtney (Doc. 10). On June 20, 2008 the Honorable Sam A. Crow denied plaintiff's Motions for Default and Appointment of Counsel and ordered officials at the El Dorado Correctional Facility to prepare a *Martinez* report. On February 26, 2007, the Kansas Department of Corrections filed its *Martinez* report (Doc. 14) and on February 28, 2007 defendant Courtney filed his Answer (Doc. 15).
> On March 25, 2007 Mr. Wray filed a Motion to Withdraw (Doc. 19) stating that defendant Courtney no longer worked for the Department of Correction and that the Office of the Attorney General could not locate or establish contact with him. On April 16, 2007 the Honorable [Carlos Murguia] granted Mr. Wray's motion and on April 23, 2007 referred the case to the undersigned for pretrial management.

> On October 3, 2007, pursuant to Fed. R. Civ. P. 16(b), the court entered its first Initial Order setting a telephone scheduling conference with the parties (Doc. 22) and further ordering defendant Courtney to "contact the court to provide his current address and telephone number." The court sent this Order by certified mail to two addresses where defendant Courtney has previously lived, one in El Dorado, Kansas and one in Baldwin City, Kansas. Both Certified Mail Receipts were returned to the court signed by a "Kelley Courtney." Defendant Courtney did not contact[] the court to provide his current address and telephone number. On November 7, 2007 and on several occasions since then, the court attempted to contact defendant Courtney via telephone numbers associated with the two residences listed for defendant Courtney to no avail.
> On March 25, 2008, the court issued a Second Initial Order setting a telephone scheduling conference for April 30, 2008 and ordering defendant Courtney to "contact the court immediately to provide his current address and telephone number. Defendant Courtney should be aware that a failure to follow the court's orders and participate in pretrial activities could result in sanctions, including an entry of default against him." A [c]opy of this Order was sent via certified mail to defendant Courtney's two addresses; one was returned unexecuted and the other returned signed by a "Kelley Courtney." On April 30, 2008, the court was unable to conduct the parties' telephone scheduling conference because defendant Courtney had failed to contact the court and provide the information as the court had twice ordered.
> Pursuant to Fed. R. Civ. P. 16(f) the court upon motion or on its own "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party . . . fails to appear at a scheduling or other pretrial conference; . . . or . . . fails to obey a scheduling order or other pretrial order." Under Rule 37(b)(2)(A)(vi), the court can render "a default judgment against the disobedient party[.]"
> Therefore, the court orders defendant Courtney to show cause in writing to the Honorable Carlos [Murguia], United States District Judge, on or before **June 13, 2008,** why a default judgment should not be rendered against him as a disobedient party.

Defendant has not responded. This court finds that defendant has failed to comply with a court order. Defendant is a disobedient party. Under Fed. R. Civ. P. 37(b)(2)(A)(vi), this court considers sanctioning defendant by rendering a default judgment against defendant.

When determining whether default judgment is the appropriate sanction, this court looks to several factors that relate to whether it is the "'just' sanction for the offending party's conduct." *GFSI, Inc. v. San Sun Hats & Cap Co.*, No. 07-2026-JWL-DJW, 2008 WL 489318, at \*3 (D. Kan.

Feb. 20, 2008) (citing *EBI Sec. Corp. v. Net Command Tech, Inc.*, 85 F. App'x 105 (10th Cir. 2003)). These factors include: (1) the culpability of the offending party; (2) the degree of actual prejudice to the non-offending party; (3) the interference with the judicial process caused by the offending party; (4) whether the court warned the offending party that default judgment was a likely sanction; and (4) the efficacy of lesser sanctions. *Id.*

The level of culpability attributable to defendant is questionable. Defendant participated when he had representation, but has not responded after counsel withdrew. Magistrate Judge Sebelius has made repeated efforts to notify defendant of the proceedings by certified mail and other means. Some of the certified mail has been signed for by a person with an apparent connection to defendant, Kelley Courtney (Docs. 23, 24, 28). This indicates that after counsel withdrew, defendant was likely aware of proceedings and his obligation to participate.

Because defendant has not participated, plaintiff and the judicial process are left unable to resolve this action. Moreover, plaintiff and court staff are forced to exert extra efforts to contact and attempt to involve defendant. This is a waste of judicial resources.

Magistrate Judge Sebelius's May 30, 2008 Order to Show Cause (Doc. 30) explicitly warned defendant of the possibility of default judgment. It is unclear whether alternative sanctions would be equally effective. Defendant has repeatedly failed to respond to, or follow, court instructions. There is no reason to believe defendant would acknowledge any lesser sanction.

After weighing the factors identified, the court finds default judgment against defendant is warranted. Defendant failed to obey Magistrate Judge Sebelius's instructions and failed to show good cause to this court for his failures. As Magistrate Judge Sebelius warned, the court now enters default judgment against defendant.

Because the court has entered a default judgment against defendant, to the extent plaintiff's

-3-

motion requests entry of default, plaintiff's motion (Doc. 32) is denied as moot. Whether plaintiff should be allowed to amend his complaint remains in Magistrate Judge Sebelius's discretion. After Magistrate Judge Sebelius makes this determination, the amount of the default judgment will be determined after a hearing is conducted under Fed. R. Civ. P. 55(b)(2).

**IT IS THEREFORE ORDERED** that default judgment is entered against defendant. The amount of the default judgment remains pending.

**IT IS FURTHER ORDERED** that to the extent it requests default judgment, plaintiff's Motion to Amend (Doc. 32) is denied as moot. The remainder of the motion remains referred to Magistrate Judge Sebelius.

Dated this 8th day of August 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**